# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Garbis Krajekian, | No. CV-25-02666-PHX-DJH (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| John Cantu, et al., | |
| Respondents. | |

Petitioner Garbis Krajekian, who is currently confined in the Eloy Detention Center, filed a Complaint and Petition under 28 U.S.C. § 2241 (Doc. 1) and paid the filing fee. Petitioner also filed a Motion for Temporary Restraining Order (Doc. 2). The Court will require an expedited answer to the Petition and Motion for injunctive relief.

Petitioner names Immigrations and Customs Enforcement Field Office Director John Cantu and Acting Director Todd Lyons; Department of Homeland Security Secretary Kristi Noem; United States Attorney General Pam Bondi; and Eloy Detention Center Warden Fred Figueroa as Respondents.

Petitioner was born in Syria and arrived in the United States in 1994 with a student visa (Doc. 1 ¶ 23). He became a lawful permanent resident but was later incarcerated and served 41 months in prison followed by several months in immigration detention (*Id.* ¶ 30). During immigration detention, Petitioner was ordered removed to Syria or Switzerland (*Id.* ¶ 30). Petitioner inquired about relief from removal to Syria because he feared returning there (*Id.* ¶ 30). Petitioner could not be removed to Syria and was eventually released on

an Order of Supervision (*Id.* ¶ 31). Over the ensuing seven-year period, Petitioner completed regular check-ins with ICE. On April 6, 2025, ICE took Petitioner into custody (*Id.* ¶ 32). Petitioner did not receive any notice about why he was redetained and, to his knowledge, his Order of Supervision was not revoked or cancelled (*Id.* ¶ 33). Petitioner alleges his removal to Syria is not reasonably foreseeable and believes he is also at risk of being removed to a third country without notice and a meaningful opportunity to apply for relief under the Convention Against Torture (*Id.* ¶ 41). Based on these facts, Petitioner argues his redetention is unlawful because (1) there has been no change in circumstances under 8 C.F.R. § 241.13(i)(2) and Respondents have not provided him with the procedural protections required for revocation of release under 8 C.F.R. § 241.13(i)(2); (2) his redetention is indefinite because his removal is not reasonably foreseeable, which violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), and (3) removal to a third country without notice and a meaningful opportunity to respond violates his due process rights.

The Court orders Respondents to answer the Petition and Motion on an expedited basis.

**IT IS ORDERED:**

(1) Counsel for Petitioner must immediately serve the Petition upon Respondents.

(2) If not already issued, the Clerk's Office must issue any properly completed summonses.

(3) The Clerk of Court must immediately transmit by email a copy of this Order and a copy of the Petition and Motion for Temporary Restraining Order and Preliminary Injunction to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, and Lon Leavitt at lon.leavitt@usdoj.gov.

(4) Respondents must respond the Motion no later than August 6, 2025. Petitioner may file a reply no later than August 8, 2025.

(5) Respondents must answer the petition within twenty (20) days of the date of service.

(6) Petitioner may file a reply within ten (10) days from the date of service of the answer.

Dated this 29th day of July, 2025.

Honorable Diane J. Humetewa
United States District Judge