1
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9    Garbis Krajekian,                          No. CV-25-02666-PHX-DJH (CDB)

10                    Petitioner,               **ORDER**

11   v.

12   John Cantu, et al.,

13                    Respondents.

14

15          On July 28, 2025, Petitioner, through counsel, filed a habeas corpus petition under

16   28 U.S.C. § 2241 seeking release from immigration detention under *Zadvydas v. Davis*,

17   533 U.S. 678 (2001), and a motion for preliminary injunction requesting the same.  Both

18   the motion and the petition are fully briefed.  The Court will grant the Petition and direct

19   Respondents to release Petitioner from custody.

20   **I.      Background**

21          Petitioner was born in Syria and arrived in the United States in 1994 on a student

22   visa (Doc. 1 ¶ 23).  He was eventually ordered removed to Syria or Switzerland in

23   October 2017 (*Id.* ¶ 30).  Switzerland refused to issue travel documents on Petitioner's

24   behalf (Doc. 21 at 3).  The Government was unable to remove Petitioner to Syria in 2017

25   and he was released from immigration detention on December 29, 2017.  (Doc. 1 ¶ 31).

26   On April 6, 2025, ICE took Petitioner into custody (*Id.* ¶ 32).  Petitioner maintains his

27   removal is not likely to occur in the reasonably foreseeable future.[1]  Respondents argue

28   _____

     [1] Petitioner raised two other claims.  He first challenged his redetention without advance
     notice prior to the revocation of his Order of Supervision.  Because the Court is ordering

Petitioner's current period of detention is five months—less than the six months deemed unreasonable by Zadvydas—and, as a result, "[Petitioner] simply cannot meet his burden to establish that the Government is unable to effectuate removal in the reasonably foreseeable future." (Doc. 21 at 5-6.)

## II.    Discussion

The Petition and motion for injunctive relief are fully briefed. The Court therefore notifies the parties of its intent to consolidate the request for preliminary injunction with the merits in this action pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure.

There is no dispute the United States Supreme Court has held that 8 U.S.C. § 1231 "does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. Further, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Although Petitioner has not yet been detained by immigration officials for more than six months since most recently being taken into custody in April 2025, Petitioner was previously detained in immigration custody for nearly 90 days after his final order of removal was issued and before his release on an Order of Supervision in December 2017. This is sufficient to establish a good reason to believe Petitioner's removal is unlikely.

Respondents indicate in their response "the United States Government has been successful in removals to Syria" (Doc. 11 at 3; Doc. 21 at 3) and "the Government has determined it is significantly likely to be able to effectuate his removal to Syria in the reasonably foreseeable future." (Doc. 11 at 12; Doc. 21 at 5.) But there is no citation to any evidence to support either assertion. Unsupported statements by counsel in no way rebut Petitioner's showing. On this record, there does not appear to be any significant likelihood that Petitioner will be removed to Syria in the reasonably foreseeable future.

---

Petitioner's release, the Court need not address this claim. Petitioner also raised a challenge to the possibility he might be removed to a third country. Respondents indicate "[n]o third country removal is being sought." Doc. 21 at 5. This claim will be dismissed as moot.

See *M.S.L. v. Bostock*, No. 6:25-CV-01204-AA, 2025 WL 2430267, at *15 (D. Or. Aug. 21, 2025).  The Court will grant the Petition and direct Respondents to release Petitioner from custody.

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted as to Ground Two**.  The Petition is otherwise denied as explained herein.  Petitioner must be released from immigration custody immediately under the same conditions that existed prior to his redetention.

**IT IS FURTHER ORDERED** the Clerk of Court must enter judgment in Petitioner's favor and close this case.

**IT IS FURTHER ORDERED** Respondents must file a notice of compliance no later than 4:00 p.m. on Friday September 5, 2025.

Dated this 5th day of September, 2025.

Honorable Diane J. Humetewa
United States District Judge